## THE EATON, COLE AND BURNHAM COMPANY, Respondent, *v.* ROBERT AVERY, Appellant.

*False representations made to a mercantile agency — one making them, liable in an action for deceit to one thereby induced to sell goods to him.*

Dun, Barlow & Co., a mercantile agency, whose business it was to collect information respecting the property and standing of business men, and furnish the same to other merchants, in August, 1875, sent an employee to the defendant, then carrying on business, and took from him a statement in which he said, among other things, that he had $20,000 of his own means in the business. This statement was inserted in the books of Dun, Barlow & Co. In Septem-

ber, the defendant having applied to the plaintiff to purchase goods on credit, the latter sent to the agency for a report, and received a copy of the defendant's statement, and in reliance thereon sold the goods, as requested. The statement was untrue, and the bill for the goods was never paid.

*Held,* that the defendant was liable to the plaintiff, in an action for deceit, for obtaining goods by false and fraudulent representations.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*James A. Hudson,* for the appellant.

*John L. Hill,* for the respondent.

DYKMAN, J.:

This is an action for deceit, founded on the fraudulent misrepresentation of the financial ability of the defendant.

Dun, Barlow & Co. conducted a mercantile agency in New York, and their business was to collect information respecting the property and standing of persons doing business, to be furnished to merchants and others, of whom credit might be asked, and in August, 1875, they sent a person to the defendant, who was then in business with one Riggins, and took from him a statement in which he said, among other things, that he had $20,000 of his own means in the business. The statement was spread on the books of the agency, and in the September following, the defendant applied to the plaintiff to buy a bill of goods on credit, proposing to pay cash in thirty days. Eaton sent to the agency for a report on the defendant and his partner, and received a copy of the defendant's statement, which was satisfactory, and induced the credit desired. The statement was untrue, and the plaintiff's bill was never paid.

The principal contest on the trial was in relation to the making of the statement to the mercantile agency by the defendant, which was denied by him. If it was made, it was plainly false, and made with the evident intent to perpetrate a fraud, because the defendant knew the use that would be made of it. The jury was instructed by the charge that before they could give a verdict for

the plaintiff, they must find that the defendant made the statement to the agency; that it was false, and known by him to be so, and that he made the same with the intent that it should be communicated to and believed by persons interested in his pecuniary responsibility, and induce credit and defraud them ; that such statement was communicated to the plaintiff and believed, and the sale alleged procured thereby. This rule was certainly as favorable for the defendant as he could ask to have prescribed, and all these facts must have been found by the jury, as the verdict was for the plaintiff. This action is analogous to actions for the false representation of the credit of a purchaser, and the first difficulty suggesting itself is, whether there can be a recovery where the fraudulent representations are not made to the plaintiff by the defendant, but come through an intervening hand. The defendant knew the use that would be made of his statement, and intentionally placed it where it might reach and influence the plaintiff or any other party. It is not essential that the representation should be addressed directly to the plaintiff, if it were made with the intent of its influencing every one to whom it might be communicated, or who might read or hear of it. The latter class of persons would be in the same position as those to whom it was directly communicated. (*Cazeaux* v. *Mali*, 25 Barb., 583.) "A statement made to the public, and designed to influence the public, is designed to influence every individual who is interested in its subject-matter." (*Newbery* v. *Garland*, 31 Barb., 129.)

This case, it is true, is not precisely like those referred to, but the similarity is so great that we think the same principle must govern.

The questions of fact involved were all found in favor of the plaintiff, and but one exception to the charge was taken. and that is immaterial.

The judgment must be affirmed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment and order denying new trial affirmed, with costs.